UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Frank CAMMARATA, | Case No.: 17-cv-0346-BEN-AGS |
|---|---|
| Plaintiff, | **ORDER ON THE PARTIES' MOTION FOR EXTENSION OF TIME (ECF No. 56) AND AMENDED SCHEDULING ORDER** |
| v. | |
| KELLY CAPITAL, LLC, et al., | |
| Defendants. | |

Earlier in these proceedings, defendants refused to respond to various discovery requests on the grounds that they were "not relevant," "unduly burdensome," and "a waste of resources" in light of defendants' pending summary judgment motion. (*See, e.g.*, ECF No. 41-14, at 3-18 (responses to interrogatories).) On February 20, 2018, this Court granted plaintiff's motion to compel, finding that defendants' objection was unfounded. Because this pretrial dispute delayed discovery, the Court ordered the parties to submit a joint motion proposing a new scheduling order. As set out below, the Court grants in part and denies in part the parties' resulting motion to extend discovery.

The scheduling order "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4). Generally, "good cause may be found where the moving party shows . . . it is unable to comply with the scheduling order's deadlines due to matters not reasonably foreseeable at the time the scheduling order issued, and that it was diligent in seeking a modification once it became apparent it could not comply with the scheduling order."

1

*Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012) (citation omitted); *see also In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." (citation omitted)).

There is good cause to extend plaintiff's discovery deadlines. Defendants' summary-judgment objection to discovery was unforeseeable because it was unsupported by law or practice. Plaintiff ultimately moved to compel discovery. Had defendants timely responded to plaintiff's discovery requests, plaintiff would have had months remaining in fact discovery to complete depositions. Accordingly, the Court will grant plaintiff a significant extension of time to complete fact discovery.

The same cannot be said of defendants. To date, defendants have cited no legal authority to support their position that a summary judgment motion functionally requires a stay or limitation on discovery. Moreover, defendants conceded that their discovery obligations were clarified by this Court's January 31, 2018 Order, which they interpreted "as an indication that there would be no limitation on the scope of discovery. . . ." (ECF No. 48, at 4.) Yet defendants never served a single discovery request.

Thus, the Court concludes that defendants have not been diligent in completing discovery. The Court will not entertain defendants' request for phased discovery—an argument now raised and rejected multiple times—because it would again significantly delay the case's resolution. Nevertheless, because defendants have done no fact discovery whatsoever and the deadline for doing so has passed, the Court will grant defendants a limited opportunity to complete fact discovery. *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("Rule 16, the central pretrial rule, authorizes a court to manage cases so that disposition is expedited [and] wasteful pretrial activities are discouraged. . . . [But] [t]he goal is to get cases decided on the merits of the issues that are truly meritorious and in dispute.").

Accordingly, the following dates in the scheduling order (ECF No. 15) are vacated and rescheduled as set forth on the next page:

| Event | Plaintiff's Deadline | Defendants' Deadline |
|---|---|---|
| Fact Discovery Cutoff | June 27, 2018 | May 21, 2018 |
| Expert Designations and Disclosures | June 27, 2018 | June 27, 2018 |
| Defendants' Pretrial Motions Deadline | N/A | July 13, 2018 |
| Rebuttal/ Supplemental Expert Designations and Disclosures | July 27, 2018 | July 27, 2018 |
| Expert Discovery Cutoff | August 27, 2018 | August 27, 2018 |
| Mandatory Settlement Conference Briefs | August 28, 2018 | August 28, 2018 |
| Mandatory Settlement Conference | September 4, 2018, at 9:00 a.m. | September 4, 2018, at 9:00 a.m. |
| Plaintiff's Pretrial Motions Deadline | September 28, 2018 | N/A |
| Pretrial Disclosures | December 21, 2018 | December 21, 2018 |
| Meet and Confer on the Pretrial Order | December 28, 2018 | December 28, 2018 |
| Draft Pretrial Order to Opposing Counsel | January 7, 2019 | January 7, 2019 |
| Lodge Pretrial Order | January 14, 2019 | January 14, 2019 |
| Pretrial Conference | January 22, 2019, at 10:30 a.m. | January 22, 2019, at 10:30 a.m. |

This order does not affect any of the scheduling order's other provisions, all of which remain in effect.

Dated: April 4, 2018

Hon. Andrew G. Schopler
United States Magistrate Judge