UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK S. CAMMARATA, d/b/a CAMMARATA ASSOCIATES,<br><br>                              Plaintiff,<br><br>v.<br><br>KELLY CAPITAL, LLC; KELLY ESCROW FUND V, LLC; and MICHAEL R. KELLY,<br><br>                              Defendants. | Case No.: 3:17-cv-00346-BEN-AGS<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION FOR ATTORNEY'S FEES**<br><br>[Doc. No. 99] |

Before the Court is Defendants' Motion for Attorney's Fees. For the reasons set forth below, the motion is **granted in part**.

I.  BACKGROUND

Plaintiff Frank S. Cammarata first brought suit against Defendants Kelly Capital, LLC and Michael R. Kelly (collectively, "Kelly") in the United States District Court for the District of New Jersey, alleging Kelly failed to pay him for commissions due on the sale of a financial asset that purportedly occurred on July 16, 2020. Mot., ECF No. 99, 6. Kelly successfully argued for the case to be dismissed based on lack of personal jurisdiction. *Id*. Thereafter, Kelly moved for attorney's fees in the District of New Jersey

1

for defending the action through the motion to dismiss. *Id*. at 6-7. While Kelly's motion for attorney's fees was pending, Cammarata filed another lawsuit against Kelly in this Court. Compl., ECF No. 1. This suit, brought on tort and contract theories, also alleged failure to pay a commission due following the sale of the financial asset on July 16, 2020. *Id*. at ¶ 29.

Thereafter, the New Jersey court denied Kelly's motion for attorney's fees, reasoning that because it lacked personal jurisdiction over Kelly it also lacked the ability to award Kelly attorney's fees. Mot., ECF No. 99. The New Jersey court also cited choice-of-law concerns and the fact that Cammarata had already filed this lawsuit, which had not yet been adjudicated on the merits, as reasons for its denial of Kelly's motion. Kelly Decl., ECF No. 99-2, Ex. B.

Cammarata's case against Kelly in this Court pressed forward. Following an extension of the time for discovery, this Court granted Kelly's motion for summary judgment on each of Cammarata's claims on September 10, 2018. Order, ECF No. 78. Kelly then filed a timely motion for attorney's fees, which was denied without prejudice as Cammarata had appealed this Court's grant of summary judgment. Mot., ECF No. 80; Order, ECF No. 96. The Court's order allowed Kelly to refile its motion after the appeal was concluded. Order, ECF No. 96.

The appeal is now completed. The Ninth Circuit affirmed summary judgement on March 12, 2020. The Mandate was issued on April 28, 2020. Mandate, ECF No. 98. Kelly filed the instant Motion for Attorney's Fees on May 12, 2020. Mot., ECF No. 99. Kelly's motion seeks attorney's fees arising from both the New Jersey action and the instant lawsuit based on an applicable provision in the Parties' First Amended Commission Agreement. *Id*. Cammarata opposed the motion, and Kelly replied. The Court submitted the motion on the briefs and now issues its order.

**II.     LEGAL STANDARD**

As discussed in this Court's Order granting summary judgment, California law applies to this case. Order, ECF No. 78, 5-6 (citing *Homedics, Inc. v. Valley Forge Ins.*

*Co.*, 315 F.3d 1135, 1138 (9th Cir. 2003).  Where California law provides the rule of decision, it also controls both the award and the reasonableness of attorney's fees.  *See Alaska Rent-A-Car, Inc. v. Avis Budget Group, Inc.*, 738 F.3d 960, 973 (9th Cir. 2013).

"California courts have consistently held that a computation of time spent on a case and the reasonable value of that time is fundamental to a determination of an appropriate attorney's fee award."  *PLCM Group, Inc. v. Drexler*, 22 Cal. 4th 1084, 1095 (Cal. 2000) (quoting *Margolin v. Regional Planning Comm.*, 134 Cal. App. 3d 999, 1004-05 (Cal. App. 1982) (internal quotations omitted).  This figure is called the "lodestar," which "may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided."  *Id*. at 1095 (citing *Serrano v. Priest*, 20 Cal. 3d 25, 49 (Cal. 1977).  "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits."  *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citing *Blum v. Stenson*, 465 U.S. 886, 892 n.5 (1984)).

Cammarata argues against awarding the requested attorney's fees for six reasons.  The Court addresses each of these grounds in turn.

### III. ANALYSIS

#### A. Kelly has prevailed on Cammarata's claims

Cammarata's first argument against awarding attorney's fees is that Kelly has not prevailed on the case.  Opp'n., ECF No. 100, 2-3.  Thus, Cammarata argues, Kelly is not the "prevailing party" and cannot recover attorney's fees.

Kelly argues it is entitled to attorney's fees based on a provision of the Parties' First Amended Commission Agreement, which states in relevant part:

> "In any litigation, arbitration or other legal proceeding which
> may arise between the parties hereto, the prevailing party shall
> be entitled to recover its costs, including costs of arbitration,

and reasonable attorney's fees in addition to any other relief to which such party may be entitled."

Compl. ECF No 1, Ex. 2, ¶ 8. As Kelly correctly points out, this is a broad attorney's fee provision. It covers "*any* litigation…between the parties hereto" and contains no limitation that it applies only to disputes on or arising out of the parties' agreement. *Id.* (emphasis added).

The California Code of Civil Procedure allows attorney's fees to be awarded when the litigants are parties to a contract containing an attorney's fees provision. *See* Cal. Code Civ. P. § 1033.5. Those fees may be awarded to a "prevailing party," which is defined therein as "a defendant in whose favor a dismissal is entered" or a defendant against whom the plaintiff does not recover any relief. Cal. Code Civ. P. § 1032(a)(4). California courts have also recognized that attorney's fees may be awarded where authorized by a contract even if the underlying dispute arises in tort. *See Miske v. Coxeter*, 204 Cal. App. 4th 1249, 1259 (Cal. App. 2012) (quoting *Thompson v. Miller*, 112 Cal. App. 4th 1338, 1341 (Cal. App. 2003)) (internal quotations omitted).

Cammarata brought ten claims against Kelly sounding in tort and contract alleging the financial asset at issue was sold on July 16, 2010, and that thereafter Kelly failed to pay him the commission due. Compl., ECF No. 1. The Court granted summary judgment to Kelly on each claim, precluding Cammarata from recovering anything against Kelly. Order, ECF No. 78. The Court of Appeals has affirmed this Court's decision. Mandate, ECF No. 98. Because Kelly prevented Cammarata from recovering any relief, it follows that Kelly is the "prevailing party" on these claims within the meaning of California Code of Civil Procedure § 1033.5(a)(10)(A) and § 1032.[1]

---

[1] Cammarata extensively argues that this case is an "interim" or "qualified" victory for Kelly. As discussed by the Ninth Circuit, this case is not a bar to Cammarata recovering a commission for the sale of this financial asset if the asset has not been sold. Mandate, ECF No. 98, fn. 1. However, this case did determine the claims Cammarata advanced here, namely that he was entitled to a commission for a sale that purportedly occurred on

### B. Kelly is entitled to recover attorney's fees for all claims

Cammarata next argues that any attorney's fees awarded should only be awarded for those claims arising under contract law.  The Court notes the attorney's fee provision of the First Amended Commission Agreement covers both contract and tort claims.  The plain language of the agreement states that attorney's fees shall be awarded "[i]n *any litigation*…which may arise between the parties hereto."  Compl. ECF No 1, Ex. 2, ¶ 8.  There is no limitation that the provision applies only to "contract claims" or to "claims arising under the contract" at issue.  Instead, the Court finds it is sufficiently broad to encompass attorney's fees for all the tort and contract claims Cammarata brought here.  *See Miske*, 204 Cal. App. 4th at 1259.

### C. Kelly is not seeking to re-tax costs

Cammarata further argues Kelly seeks to "re-tax costs" in requesting attorney's fees here.  Opp'n., ECF No. 100, 18-21.  Specifically, Cammarata argues that once Kelly "chose to move for the $352,467.55 [requested in attorney's fees] as costs under the Bill of Costs, which was denied effective January 30, 2019, [Kelly] could not request the same costs by motion filed *before* the Order Taxing Costs." *Id*. at 19 (emphasis in original).

In other words, Cammarata argues that because Kelly did not file a motion to re-tax costs within seven days, Civil Local Rule 54(1)(g) precludes Kelly from bringing a motion for fees now.  Cammarata cites no case law adopting this view.  In response, Kelly states it moved for these attorney's fees as costs only because California Code of Civil Procedure § 1033.5(a)(10) classifies attorney's fees awarded pursuant to contract as "costs."  Reply, ECF No. 101, 8-9.  After the Clerk of Court properly removed attorney's

---

July 16, 2010, are barred by the applicable statutes of limitations.  In defeating those claims, Kelly achieved its primary litigation objectives and is the reasonable "prevailing party."

fees from the Bill of Costs, and Kelly properly filed a motion for attorney's fees pursuant to Federal Rule of Civil Procedure 54(d)(2)(A).

This is a simple matter of different terminology used by the federal and state courts that has no substantive effect here. Accordingly, the Court finds this is not a motion to re-tax costs and analyzes Kelly's claimed "attorney's fees and related nontaxable expenses" pursuant to Rule 54(d)(2)(A).

### D.  Kelly cannot recover attorney's fees for the New Jersey action

Kelly argues it is entitled to $146,624.00 in attorney's fees arising out of the New Jersey action. Mot., ECF No. 99, 10. Cammarata argues he should not have to pay Kelly's attorney's fees arising out of the New Jersey action because Kelly was not the "prevailing party" in that action. Opp'n., ECF No. 100, 5. Specifically, Cammarata argues that because the New Jersey action was dismissed for lack of personal jurisdiction over Kelly, there was no prevailing party in that case. *Id*. at 5-6.

Kelly's request for these attorney's fees is based on Federal Rule of Civil Procedure 41. Rule 41 provides that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." Fed. R. Civ. P. 41(d). There is no dispute that the New Jersey action terminated when the court dismissed Cammarata's claim against Kelly for lack of personal jurisdiction, or that this case is "based on or including the same claim against the same defendant." Fed. R. Civ. P. 41(d). The Court has also concluded in this Order that Kelly is now the prevailing party. The reamining issue is whether Rule 41(d) applies to an involuntary dismissal for lack of personal jurisdiction.

Kelly cites to other courts in this circuit that have awarded attorney's fees pursuant to Rule 41(d) where cases were involuntarily dismissed. *See e.g.*, *Holt v. Kormann*, 11-CV-1047-MLGx, 2012 U.S. Dist. LEXIS 164339, at *9 (C.D. Cal. Nov. 15, 2012) (awarding attorney's fees where previous case was involuntarily dismissed for the

plaintiff's failure to respond to an order to show cause but limiting its holding to the facts of the case). Despite the use of the word "costs" and not "attorney's fees" in Rule 41, courts in this circuit have also applied Rule 41(d) to award attorney's fees where a plaintiff voluntarily dismissed an action only after filing a new lawsuit in another district court. *See e.g., Esquivel v. Arau*, 913 F. Supp. 1382, 1392 (C.D. Cal. 1996) (noting the Sixth and Seventh Circuits have reached different conclusions on whether attorney's fees can be included as "costs" for purposes of Rule 41); *Whole E Nature, LLC v. Wonderful Company, LLC*, 17-CV-010-LAB-KSC, 2017 WL 4227150, at *4-5 (Sep. 22, 2017) (awarding attorney's fees as costs under Rule 41). Moreover, Kelly argues that awarding attorney's fees here would discourage vexatious litigation and forum shopping.

However, an unpublished Ninth Circuit opinion held that Rule 41(d) applies only to voluntary dismissals. *Platinum Logistics, Inc. v. Platinum Cargo Logistics, Inc.*, 711 F. App'x 376, 377 (9th Cir. 2018). While the unpublished opinion is not binding, the Court's finds its reasoning rooted in the "plain language of the rule" to be persuasive and adopts it here. Rule 41(d) discusses "a plaintiff who previously dismissed an action," not an action dismissed by the court. Given Rule 41's application to voluntary dismissals only, the Court declines to award attorney's fees to Kelly arising out of the New Jersey action.

### E.  Kelly's fee motion is timely

Cammarata finally argues Kelly's motion is untimely. Cammarata argues that when the Court denied without prejudice Kelly's motion for attorney's fees before the appeal was completed, it only allowed Kelly to refile that same motion. Cammarata argues that Kelly's instant motion is different, and therefore it should be denied as untimely. In support, Cammarata cites to an inapposite case from the Second Circuit that dealt with a motion for attorney's fees filed after the fourteen-day deadline imposed by Rule 54. *See Tancredi v. Metro Life Ins. Co.*, 378 F.3d 220 (2nd Cir. 2004). Here, Kelly filed its motion for attorney's fees within the fourteen-day timeframe required by Rule 54(d). Moreover, nothing in the Court's previous order precluded the parties from

including different arguments in their renewed motions or responses.  *See* Order, ECF No. 96.  To do so would have rendered superfluous the Court's decision to defer a determination on attorney's fees until the appeal was completed.

Accordingly, the Court finds that Kelly's instant motion for attorney's fees is timely.

### F.  Attorney's fees awarded

Kelly claims $360,160.05 in attorney's fees in this motion.  Mot., ECF No. 99, 10.  As discussed above, $146,624.00 of that amount relates to the New Jersey action, which the Court determined it cannot award here.  *Id*.  The remaining amount is $213.536.05.  Cammarata argues for deductions as discussed below.  *See Gates*, 987 F.2d at 1397-98.

First, he argues for the reduction of several expenses listed as costs.  *See e.g.*, Opp'n., ECF No. 100, 19.  Kelly outlines but does not seek "costs" in this motion, only attorney's fees.  To the extent Cammarata argues for reduction of specific "costs" those requests are denied as moot.

Next, Cammarata argues attorney's fees should be reduced by $7,692.50, which represents the increase in attorney's fees sought by Kelly between its first motion for attorney's fees and the one presently before the Court.  Opp'n, ECF No. 100, 3.  Cammarata does not argue that the later-incurred fees were unreasonable, but rather that Kelly had simply already filed a motion for attorney's fees that was denied without prejudice.  Cammarata ignores the fact that his appeal, which was unsuccessful, is the reason the Court denied the initial motion without prejudice.  *See Camacho v. Schaefer,* 193 Cal. App. 3d 718, 724 (Cal. Ct. App. 1987) (stating that while a party has the right to contest litigation, it cannot then complain when its "litigation posture generated additional legal expenses [for the opposing party]").  The Court denies this request for a reduction.

Cammarata further argues that Duane Morris, a law firm retained by Kelly, engaged in block-billing.  Opp'n., ECF No. 100, 21.  He specifically points to two time entries he believes were improperly block-billed totaling 2.6 hours.  The Court has

reviewed these specific entries and the other entries submitted by Kelly's counsel. The Court may reduce attorney's fees documented where block-billing occurs because the practice "makes it more difficult to determine how much time was spent on particular activities." *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Nonetheless, the reasonableness determination remains within the discretion of the Court. Reviewing the entries submitted by Kelly's counsel, the Court concludes they were reasonable. Where multiple tasks are described in a particular time entry, counsel most often sub-allocated time to specific tasks within each entry. Where counsel did not, the Court finds that those entries reasonably document tasks that took the stated amount of time. Accordingly, the Court declines to reduce the number of hours claimed by Kelly's counsel on the instant case.

Finally, Cammarata argues that the hourly rates sought by Kelly's counsel are unreasonable and that Kelly fails to show comparable rates within the local community. Opp'n., ECF No. 100, 21-22. Kelly's counsel have submitted declarations establishing their qualifications and asserting that their rates are commensurate with prevailing rates in the local community. Mot., ECF No. 99, Exs. 3, 4. The Court has reviewed these declarations and concludes the hourly fees are reasonable, especially considering the complexity of this case. Accordingly, the Court declines to reduce the hourly fees requested by Kelly's counsel.

**IV.   CONCLUSION**

For the foregoing reasons, the Motion for Attorney's Fees (ECF No. 99) is **GRANTED in part**. The Court awards Kelly $213,536.05 in attorney's fees incurred during this action.

**IT IS SO ORDERED**.

Dated:  August 18, 2020

Hon. Roger T. Benitez
United States District Judge